**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ENRIQUE PERDOMO AMAYA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:26-cv-01341** |
| | ) | **Judge Aleta A. Trauger** |
| **CHRISTOPHER BULLOCK, *et al.*,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**MEMORANDUM & ORDER**

Pending before the court is the Verified Emergency Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) and In-Petition Request for Interim Stay of Transfer and Removal (the "Petition," Doc. No. 1) filed by the Petitioner, Enrique Perdomo Amaya.

In the Petition, the Petitioner seeks, among other things, his immediate physical release "from custody under reasonable non-monetary conditions of supervision." (*Id*. at 12.) As grounds for release, Petitioner asserts that his detention violates the Due Process Clause of the Fifth Amendment (among other constitutional guarantees) and exceeds the respondents' (collectively, the "Government") detention authority under the Immigration and Nationality Act ("INA") because the Petitioner is being detained without "an individualized bond hearing before an Immigration Judge, where the [U.S. Department of Homeland Security] holds the burden of justifying detention by clear and convincing evidence." (*Id*. ¶ 33.) Petitioner also filed a Notice of Filing Certified Mail Receipts Demonstrating Service of Process, making clear "that formal service of process of the Summons [Doc. No. 9], Verified Emergency Petition for Writ of Habeas Corpus (Doc. No. 1), and Court Orders [Doc. Nos. 5, 8, 10] was transmitted via USPS Certified Mail on September 21, 2026" in compliance with Federal Rule of Civil Procedure 4(i). (Doc. No. 11.)

On September 22, 2026, the Government filed a Response to the Petitioner's Verified Petition for Writ of Habeas Corpus (the "Response," Doc. No. 12), as directed by the court's September 18, 2026 Order (Doc. No. 5.) In its Response, the Government raised two arguments as to why the Petition should not be granted. First, the Government asserts "that this Court is without jurisdiction because service has not been perfected pursuant to Fed. R. Civ. P. 4" as the "Petitioner has not provided proof that the Attorney General of the United States has been served as required." (Doc. No. 12 at 1). Second, the Government asserts that the "Petitioner can file a motion for a bond custody determination hearing but to date has not done so." (*Id*. at 2.) Later that same day, the Petitioner filed a Reply in support of his Petition. (Doc. No. 14.) For the avoidance of any doubt, the court flatly rejects the Government's two arguments.

First, the Petitioner perfected service under the relevant provisions of Rule 4 because the Summons and Petition were transmitted to the civil-process clerk for the U.S. Attorney's Office for the Middle District of Tennessee and the Attorney General by certified mail on September 21, 2026. (Doc. Nos. 11, 11-1.) The Government disagrees, reading Rule 4(i) as somehow requiring proof of actual *delivery* of the summons and complaint. (Doc. No. 12 at 1.) Rule 4 imposes no such requirement. Under Rule 4(i), the United States has been served when the serving party "*send[s]* a copy [of the summons and complaint]" to the civil-process clerk and the Attorney General "by registered or certified mail." Fed. R. Civ. P. 4(i)(1)(ii)(B) (emphasis added). These service requirements were met—or "perfected," to use the Government's phrasing (Doc. No. 12 at 1)—when the Petitioner *transmitted* a copy of the Summons and Petition to the civil-process clerk of the U.S. Attorney's Office in the Middle District of Tennessee and to the Attorney General by certified mail, as evidenced by U.S. Postal Service certified mail receipts in the court record. (Doc. No. 11-1.) The Government does not dispute that the Summons and Petition were transmitted in

accordance with Rule 4(i).

Second, the Petitioner states that no bond custody determination hearing has occurred in this case (Doc. No. 1 ¶ 34), which the Government concedes (Doc. No. 12 at 2.) Instead, the Government appears to argue that the Petitioner need not be released because he has not *requested* a bond hearing. That argument is without merit.

As the Government is well aware, the Sixth Circuit's decision in *Lopez-Campos v. Raycraft* held that governmental detentions of aliens subject to 8 U.S.C. § 1226(a) without bond hearings are unlawful and violate the Due Process Clause of the Fifth Amendment. 175 F.4th 713, 734 (6th Cir. 2026). The Government *concedes* that the Sixth Circuit's ruling in *Lopez-Campos* "controls the outcome of this matter," that it "is binding on this Court," and that the Petitioner was "detained under § 1226(a)." (Doc. No. 12 at 2–3.) Those concessions are dispositive here and mandate the Petitioner's immediate release from detention. Likewise, the Government is equally well aware that this court has rejected the argument that an alien detained by the government must request a bond hearing before one is provided. In fact, Judge Richardson of this court just a few days ago rejected that same argument. *See Cabrera v. Bullock, et al.*, No. 3:26-cv-01322 (Sept. 21, 2026), Doc. No. 11 at *3 ("[T]he Court does not credit Respondent's argument that Petitioner needs to request a bond hearing before the Court is able to order Petitioner's release."). Judge Richardson issued his decision *before* the Government made that same argument in its Response in this case.

## I. CONCLUSION

To remove any doubt, the court finds that the Petitioner's detention violated his due process rights and that a bond hearing at this point could not cure that blatant constitutional violation. Accordingly, the court hereby **ORDERS** the Government to immediately release the Petitioner from detention in light of the undisputed fact that the Petitioner's right to a bond hearing under 8 U.S.C. § 1226(a) was denied. *See Yao v. Almodovar*, 813 F. Supp 3d 461, 477 (S.D.N.Y. 2025)

(ordering detained alien's immediate release from detention when the alien was subject to § 1226(a) and detained without any process); *Tumba v. Francis*, 813 F. Supp. 3d 394, 406 (S.D.N.Y. 2025) (same); *Cabrera*, No. 3:26-cv-01322, Doc. No. 11 at *3 (same).

For the reasons stated herein, the court **GRANTS** the Petition to the extent it requests the immediate release of Petitioner. The Government **SHALL** immediately release Petitioner from custody no later than 12:00 noon CST on Friday, September 25, 2026, with all possessions, property, and documents that Petitioner had at the time he was taken into custody.

Having determined that the Petitioner's procedural due process rights were violated and that he is entitled to a writ of habeas corpus on that basis, the court does not address his other arguments that his substantive due process rights were violated or that his Fourth Amendment rights were violated.

ALETA A. TRAUGER
United States District Judge